PER CURIAM.
Kary Joseph Russell was convicted of two counts of first degree murder, aggravated assault with a firearm, armed burglary of a dwelling, and kidnapping with intent to commit a felony (tampering with evidence). We reverse Russell’s kidnapping conviction, but otherwise affirm.
Although the evidence was sufficient to establish false imprisonment, we conclude that competent, substantial evidence did not exist to support the jury verdict for kidnapping with intent to tamper with evidence. On remand, pursuant to section 924.34, Florida Statutes (2009),[1] the trial court is directed to enter judgment for false imprisonment, and to resentence Russell accordingly. Crain v. State, 894 So.2d 59, 76 (Fla.2004).
AFFIRMED, in part; REVERSED, in part; and REMANDED.
ORFINGER, C.J., EVANDER and JACOBUS, JJ., concur.

. Section 924.34 provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.